IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DERRICK KENNEY,** | ) | **CASE NO. 1:24 CV 1413** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **WARDEN C. HENRY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Derrick Kenney, a detainee in the Cuyahoga County Correctional Center, brings this action under 42 U.S.C. § 1983 against Warden C. Henry, Associate Warden O'Donnell, and Corrections Officer Cole. In the Complaint, he contends that on May 29, 2024, Officer Cole walked by his cell and watched him urinate. He asked the officer what he was doing and the officer replied that he was "just checking [him] out." (Doc. No. 1 at PageID #: 2). He claims this action violated his Eighth Amendment rights. He seeks monetary damages.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact

when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

Claims pertaining to conditions of confinement in jail arise under either the Eighth Amendment if the inmate is a convicted prisoner, or under the Fourteenth Amendment Due Process Clause if the inmate is a pretrial detainee. Plaintiff does not indicate whether he is a pretrial detainee or a convicted prisoner. While the standards for examining this claim under the Eighth Amendment and the Fourteenth Amendment differ in the requirements for the subjective mental state of the Defendant, both standards require Plaintiff to demonstrate that he was held under conditions which posed an objectively and sufficiently serious threat to his health and

safety. *See Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)(Fourteenth Amendment); *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)(Eighth Amendment). Plaintiff's Complaint fails to meet this objective standard under either the Eighth or the Fourteenth Amendment.

The constitution protects inmates by requiring that "officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). It does not mandate that an inmate be free from discomfort or inconvenience. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). They are not entitled to unlimited access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the constitution prohibits conditions of confinement which constitute serious health threats, but does address those conditions which cause the inmate to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Plaintiff complains that the Corrections Officer observed him while he was urinating in his cell and made a comment that Plaintiff found offensive. That situation made him feel very uncomfortable. This is not the type of objectively serious situation to trigger constitutional protections under the Eighth or the Fourteenth Amendments.

Furthermore, Plaintiff cannot hold Warden Henry or Associate Warden O'Donnell liable for the actions of the corrections officer. A Defendant cannot be held liable simply because he or she was charged with overseeing a subordinate who may have violated Plaintiff's constitutional rights. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing

*Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).  Instead, individual liability requires some active unconstitutional behavior on the part of the Defendant.  *Peatross*, 818 F.3d at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Consequently, unless Plaintiff affirmatively pleads the direct involvement of the Defendant in the allegedly unconstitutional action, the Complaint fails to state a claim against that Defendant and dismissal is warranted.  *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Plaintiff has not alleged that the Warden or Associate Warden was involved in this incident in any way.  He fails to state a claim upon which relief may be granted against them.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2024

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.